# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>F5 NETWORKS, INC.,<br><br>    Defendant. | CASE NO. 20-CV-872<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant F5 Networks, Inc. (hereinafter, "Defendant" or "F5 Networks") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit"), copies of which are attached hereto as Exhibit A, Exhibit B, Exhibit C, Exhibit D and Exhibit E, respectively:

COMPLAINT
20-cv-072-1

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

|   | U.S. Patent No. | Title |
|---|---|---|
| A. | 6,560,613 | Disambiguating File Descriptors |
| B. | 6,651,063 | Data Organization And Management System And Method |
| C. | 8,370,457 | Network Communication Through A Virtual Domain |
| D. | 8,762,498 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |
| E. | RE44,723 | Regulating File Access Rates According To File Type |

2. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

3. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, F5 Networks is a corporation duly organized and existing under the laws of the state of Washington since February 26, 1996.

5. Based upon public information, F5 Networks has its principal place of business located at 801 5th Avenue, Seattle, Washington, 98104-1663 (King County).

6. Defendant may be served through its registered agent, Scot Rogers, at the address for F5 Networks' principal place of business.

COMPLAINT
20-cv-072-2

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over F5 Networks because: Defendant has minimum contacts within the State of Washington and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Washington and in this District; Defendant has sought protection and benefit from the laws of the State of Washington and is incorporated there; Defendant regularly conducts business within the State of Washington and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Washington and in this District.

9. More specifically, F5 Networks, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Washington, and in this District.

COMPLAINT
20-cv-072-3

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

10. Based upon public information, F5 Networks solicits customers in the State of Washington and in this District and has many paying customers who are residents of the State of Washington and this District and who use its products in the State of Washington and in this District. Defendant is also incorporated in the State of Washington and in this District.

11. Venue is proper pursuant to 28 U.S.C. §1400(b) because F5 Networks resides in this District because of its formation under the laws of Washington and because it has its principal place of business in this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because F5 Networks resides in this District because of its formation under the laws of Washington, which subjects it to the personal jurisdiction of this Court.

**BACKGROUND INFORMATION**

13. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO") after full and fair examinations.

14. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-

Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

15. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

16. Plaintiff does not sell, offer to sell, make, or use any products itself, so it does not have any obligation to mark any of its own products under 35 U.S.C. § 287.

17. By letter dated April 16, 2020, DataCloud's licensing agent sent Defendant a letter in which it identified DataCloud's patent portfolio, which includes each of the Patents-in-Suit. See Exhibit F (hereinafter, the "Notice Letter").

## DEFENDANT'S PRODUCTS AND SERVICES

18. Based upon public information, F5 owns, operates, advertises, and/or controls the website www.f5.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services. See Exhibit G.

19. Based upon public information, Defendant provides sales information, training and educational information, for its products. See Exhibit H.

COMPLAINT
20-cv-072-5

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

# COUNT I INFRINGEMENT OF U.S. PATENT NO. 6,560,613

20. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

21. U.S. Patent No. 6,560,613 (hereinafter, the "'613 Patent"), was issued on May 6, 2003 after full and fair examination by the USPTO of Application No. 09/500,212 which was filed on February 8, 2000. See Ex. A. A Certificate of Correction was issued on August 26, 2003. See id.

22. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '613 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its "Viprion® On-Demand Application Delivery Controller" ("Viprion OADC") which provides a "single, powerful Application Delivery Controller (ADC) with modular performance blades you can add or remove without disrupting users or application" (see Exhibit I-1) and its "BIG-IP® Global Traffic Manager™ Virtual Edition (VE) Virtual Platform" that employs KVM and VMware hypervisors ("Virtual Platform") (see Exhibit I-2).

COMPLAINT
20-cv-072-6

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

23. Upon information and belief, the Viprion OADC and Virtual Platform meet each and every element of at least Claim 1 of the '613 Patent, either literally or equivalently.

24. Based upon public information, the Viprion OADC and Virtual Platform have infringed one or more claims of the '613 Patent, including Claim 1, because it provides a method for disambiguating file descriptors in a computer system through a process which intercepts the system calls that identify file descriptors and the system calls that create copies of one or more file descriptors, stores one or more file type indicators for each file descriptor and each file descriptor copy, and upon an attempt to access a file based upon a file descriptor, determines what file type is associated with the file descriptor based on a review of the stored file type indicators. Both QEMU and KVM and VMWare employ disambiguation of file descriptors (files/sockets/pipes) that are used in shadowed I/O system call routines by intercepting them, storing related indicators (e.g., reference to images), and examining those stored indicators to determine the associated file type.

25. To the extent that Defendant is not the only direct infringer of one or more claims of the '613 Patent, it instructs its customers on how to use Viprion

OADC and Virtual Platform in ways that infringe one or more claims of the '613 Patent through its support and sales activities. See Ex. H.

26. Based upon public information, Defendant's customers use its Viprion OADC and Virtual Platform in such a way that infringes one or more claims of the '613 Patent. See Exs. I-1 and I-2.

27. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,651,063**

29. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

30. U.S. Patent No. 6,651,063 (hereinafter, the "'063 Patent"), was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. See Ex. B. A Certificate of Correction was issued on February 3, 2004. See id.

COMPLAINT
20-cv-072-8

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

31. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its "BIG-IP® Edge Client®" which "delivers secure access via Secure Socket Layer (SSL) virtual private network (VPN) for today's remote and mobile workforce." See Exhibit J.

32. Upon information and belief, the BIG-IP® Edge Client® meets each and every element of at least Claim 4 of the '063 Patent, either literally or equivalently.

33. Based upon public information, the BIG-IP® Edge Client® has infringed one or more claims of the '063 Patent, including Claim 4, because it provides a method for storing and controlled access of data in a repository by storing information in an "information pack" (BIG-IP Edge Client is a package) to which is associated the address of a data repository, a "category identifier" (e.g., Path: BIGIPEdgeClient), and a "provider identifier" (e.g., "Company: F5 Networks, Inc."). The information pack is sent to the specified data repository and stored there in a location reserved for the specified category identifier (e.g., file name of BIGIPEdegeClient.exe is reserved information for the category of file name) that is specifically created for the information pack, and a "custom category

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

identifier" is assigned to the information pack (e.g., application of "F5DialSrv" in information pack has a digital signature for custom category identifier). The custom category identifier is subsequently used to identify other information packs that should be stored in the same location based on matching category identifiers (e.g., software updates are signed using provider identity of "F5 Networks, Inc", where signature verification for update "f5fpclient.cab" will compare at least that the stored provider identity is the same).

34. To the extent that Defendant is not the only direct infringer of one or more claims of the '063 Patent, it instructs its customers on how to use the Accused Products in ways that infringe one or more claims of the '063 Patent through its support and sales activities. See Ex. H.

35. Based upon public information, Defendant's customers use its products and services in such a way that infringes one or more claims of the '063 Patent. See Ex. J.

36. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

37. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof

at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,370,457**

38. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

39. U.S. Patent No. 8,370,457 (hereinafter, the "'457 Patent"), was issued on February 5, 2013 after full and fair examination by the USPTO of Application No. 11/717,911 which was filed on March 13, 2007. See Ex. C. A Certificate of Correction was issued on March 18, 2014. See id.

40. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '457 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its legacy BIG-IP hardware platform and "BIG-IP® iSeries Appliances" which "deliver quick and easy programmability, ecosystem-friendly orchestration, and record breaking, software-defined hardware performance" ("BIG-IP Appliances") See Exhibit K.

41. Upon information and belief, the BIG-IP Appliances meet each and every element of at least Claim 9 of the '457 Patent, either literally or equivalently.

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

42. Based upon public information, the BIG-IP® iSeries Appliances have infringed one or more claims of the '457 Patent, including Claim 9, because they provide a system of hardware and software (provision of FTP ALG to transfer files) that is configured to control access to a client IP address by requiring an established combination of a destination IP address (e.g., "client IP address" will be within Protocol Profile (Client) and "destination IP address" will be within Protocol Profile (Server)) and a forwarder IP address (e.g., a "translation IP address and prefix length") be included in the request to access the client IP address where each of the three IP addresses is different from the other two (e.g., Forwarder IP: 10.33.1.4/Client IP: 192.168.13.64/Destination IP: 10.1.1.2).

43. To the extent that Defendant is not the only direct infringer of one or more claims of the '457 Patent, it instructs its customers on how to use the BIG-IP Appliances in ways that infringe one or more claims of the '457 Patent through its support and sales activities. See Ex. H.

44. Based upon public information, Defendant's customers use its products and services in such a way that infringes one or more claims of the '457 Patent. See Ex. K.

45. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

COMPLAINT
20-cv-072-12

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

46. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,762,498**

47. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

48. U.S. Patent No. 8,762,498 (hereinafter, the "'498 Patent"), was issued on June 24, 2014 after full and fair examination by the USPTO of Application No. 13/731,731 which was filed on December 31, 2012. See Ex. D.

49. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its BIG-IP platform that employs SNI Routing and which "facilitate[es] high-performance application traffic processing across all leading hypervisors and cloud platforms." See Exhibit L.

50. Upon information and belief, the BIG-IP platform meets each and every element of at least Claim 1 of the '498 Patent, either literally or equivalently.

COMPLAINT
20-cv-072-13

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

51.     Based upon public information, the BIG-IP® Virtual Edition has infringed one or more claims of the '498 Patent, including Claim 1, because it provides a system of hardware and software that is configured to respond to a request for data by identifying a virtual namespace destination IP address (App 1 or App2) from a selection of categories (e.g., SNI: app1.example.com and SNI: app2.example.com or anysite.net, domain.com, mysite.com, bizsite.org, etc.) that is related to said selection of categories (category of "app1.example.com" is used for the virtual namespace destination address in request data to determine a device with a specific forwarder IP address and instruct it to send the request for data to the destination IP address).

52.     To the extent that Defendant is not the only direct infringer of one or more claims of the '498 Patent, it instructs its customers on how to use the BIG-IP platform in ways that infringe one or more claims of the '498 Patent through its support and sales activities. See Ex. H.

53.     Based upon public information, Defendant's customers use its products and services in such a way that infringes one or more claims of the '498 Patent. See Ex. L.

54.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

COMPLAINT
20-cv-072-14

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

55. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. RE44,723**

56. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

57. U.S. Patent No. RE44,723 (hereinafter, the "'723 Patent"), was issued on January 21, 2014 after full and fair examination by the USPTO of Application No. 11/818,544 (hereinafter, the "'544 Application") which was filed on June 14, 2007. See Ex. E.

58. The '544 Application involved the re-examination of U.S. Patent No. 6,907,421 which was issued on June 14, 2005 after full and fair examination by the USPTO of Application No. 09/572,672 which was filed on May 16, 2000. See Ex. E.

59. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '723 Patent, either literally or under the doctrine of equivalents, because its "BIG-IP® Application Security

COMPLAINT
20-cv-072-15

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

Manager™" can be configured to prevent DoS attacks based on access and transaction rates. See Exhibit M.

60. Upon information and belief, the BIG-IP® Application Security Manager™ meets each and every element of at least Claim 1 of the '723 Patent, either literally or equivalently.

61. Based upon public information, the BIG-IP® Application Security Manager™ has infringed one or more claims of the '723 Patent, including Claim 1, because it requires an assessment of the transactions per second ("TPS") for system calls to a particular URL and has the ability to drop connections if the TPS exceeds the threshold value.

62. To the extent that Defendant is not the only direct infringer of one or more claims of the '723 Patent, it instructs its customers on how to use the BIG-IP® Application Security Manager™ in ways that infringe one or more claims of the '723 Patent through its support and sales activities. See Ex. H.

63. Based upon public information, Defendant's customers use its products and services in such a way that infringes one or more claims of the '723 Patent. See Ex. M.

COMPLAINT
20-cv-072-16

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

64. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

65. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

66. Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

67. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by F5 Networks;

B. An adjudication that F5 Networks has induced infringement of one or more claims of the Patents-in-Suit based upon post-filing date knowledge of the Patents-in-Suit;

C. An award of damages to be paid by F5 Networks adequate to compensate Plaintiff for F5 Networks' past infringement, including

COMPLAINT
20-cv-072-17

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for F5 Networks' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

//

//

//

//

//

//

//

//

//

Mann Law Group PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900

E. Any further relief that this Court deems just and proper.

DATED this 8th day of June, 2020.

By: s/ *Philip P. Mann*
Philip P. Mann, WSBA No. 28860
**MANN LAW GROUP PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900
email: phil@mannlawgroup.com

**Attorneys for Plaintiff *DataCloud Technologies, LLC***

*Of Counsel*
James F. McDonough, III
(Bar No. 117088, GA)
Jonathan R. Miller (Bar No. 507179, GA)
Travis E. Lynch (Bar No. 162373, GA)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5502, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

COMPLAINT
20-cv-072-19

MANN LAW GROUP PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-436-0900